W. H. Dean *vs.* Board of County Commissioners of Renville County.

Submitted on briefs June 10, 1892. Decided June 22, 1892.

**Process Void on Its Face, Officer Need not Serve.**

A ministerial officer, such as a constable or sheriff, is neither authorized nor required to serve a criminal process, which is void on its face, and is not entitled to fees from the county for doing so.

**Otherwise, if Valid on Its Face, though Void in Fact.**

But if the process is regular and valid on its face, he is bound to serve it, and may collect his fees for so doing, notwithstanding any knowledge of his own outside the face of the process affecting the validity of the proceedings.

**Fees for Service, when Collectible.**

His right to collect his fees from the county is not affected by the fact that a justice of the peace has, under 1878 G. S. ch. 65, § 157, entered judgment for the costs against the complainant.

Appeal by plaintiff, W. H. Dean, from a judgment of the District Court of Renville County, *Webber,* J., entered January 8, 1892, for defendant.

Plaintiff was a constable, and served a warrant, a subpœna, and a *venire* in a criminal action. The writs were issued by a justice of the peace of Renville county. He presented to the defendant the Board of County Commissioners of that county a bill for his fees. The bill was not allowed, and he brought an action before a justice of the peace to recover the amount, and obtained judgment. The defendant appealed to the District Court on questions of law and fact. There the defendant had judgment, and plaintiff appealed to this court.

*F. R. Allen,* for appellant.

*Thomas E. Boylan* and *R. T. Daly,* for respondent.

Mitchell, J. Plaintiff brought this action to recover fees claimed to be due him as constable for serving a warrant in a criminal action, issued by a justice of the peace; also for serving *venires* on jurors and subpœnas on witnesses for the state in the same action.

The court below held that he could not recover any part of his

fees, because "the warrant described no offense, and all proceedings thereunder were therefore void."

The stipulated facts show that the warrant (which is required to contain the substance of the complaint) stated no offense. It was therefore void on its face, and no officer was either authorized or required to execute it, and consequently could not collect any fees for doing so. This would apply to all fees for transporting, guarding, and boarding the defendant after arrest.

But it is not claimed that the subpœnas for witnesses and the *venires* for jurors were not regular on their face. They were issued in the ordinary course of justice, from a court having jurisdiction to issue such process. Such being the case, it was the plaintiff's bounden duty to serve them regardless of any knowledge, or supposed knowledge, of his own, derived from any source whatever, as to the invalidity of the warrant. The processes themselves were his only guide. If a process is regular in its frame, and is issued by a court, body, or officer having jurisdiction to issue such process, the duty of a ministerial officer is to serve it. Obedience is the sum of his duty. It is easy to see what mischief to the public and hardship to the officer would result from either permitting or requiring him to act on any knowledge of his own outside the face of the writ or process committed to him for service. While the cases have not been entirely harmonious on this point, yet the rule is now settled as we have stated it by the great weight of authority, and in accordance, as we think, with both principle and public policy. See Throop, Pub. Off. § 759 *et seq.*; also note to *Suvacool* v. *Boughton,* 21 Amer. Dec. 201 *et seq.*

Hence the plaintiff was entitled to his fees for serving the subpœnas and *venires* amounting to $18.20, with interest from the commencement of his action.

The right of the plaintiff to collect his fees from the county is not affected by the fact that the justice, in pursuance of 1878 G. S. ch. 65, § 157, certified that the complaint was willful and malicious, and without probable cause, and entered judgment against the complainant for the costs. That section was intended merely to enable the public to reimburse themselves for costs incurred in the prosecution

which otherwise would, under 1878 G. S. ch. 70, § 44, be payable out of the county treasury without recourse on any one for indemnity.

Cause remanded, with directions to the district court to enter judgment in favor of the plaintiff in accordance with this opinion.

(Opinion publis ed 52 N. W. Rep. 650.)